UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABRAHAM PORTNOV,  )<br>  )<br>          Plaintiff,  )<br>   v.  )<br>  )<br>CARNIVAL CORPORATION,  )<br>  )<br>          Defendant.  )<br>_____) | Case No. 5:14-cv-02887-PSG<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Re: Docket Nos. 5 and 6)** |

Pending on the court's docket is a letter filing from Plaintiff Abraham Portnov that spells out the challenges he has faced to date in prosecuting his claim against Defendant Carnival Corporation. To Portnov's credit, he provides a more fulsome explanation of the financial challenges he faces. Even though the court is inclined to grant what it generously construes to be a motion for leave to file a motion for reconsideration of its prior decision on Portnov's financial qualification to proceed in forma pauperis,[1] the court must also, at a minimum, be persuaded that this court possesses both subject matter and personal jurisdiction over Portnov's tort-based claims and not determine that the complaint is frivolous.[2]

---

[1] *See* Docket No. 5.

[2] *See* 28 U.S.C. § 1915.

1

Case No. 5:14-cv-02887-PSG
ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS

First, to get into federal court, Portnov must establish diversity jurisdiction. Here, Portnov's complaint includes a prayer for relief to the tune of "$370,000 compensation for getting [severe] stress with the consequences."[3] "In diversity cases, where the amount in controversy is in doubt, the Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction: in cases brought in the federal court it must appear to a legal certainty that the plaintiff's claim is really for less than the jurisdictional amount to justify dismissal."[4] Because the court cannot say "to a legal certainty" that Portnov's claim "is really for less than the jurisdictional amount," diversity jurisdiction may well lie and dismissal on this basis is not warranted.

Second up is the question of personal jurisdiction. On this issue, the complaint is silent.[5] The court is aware that Carnival operates internationally. A review of Carnival's website suggests that at least some of its ships depart from Los Angeles, CA. With Carnival apparently operating its business within California, Portnov has a colorable argument that this court can assert personal jurisdiction over the Defendant.

While it has serious doubts, the court cannot yet conclude that Portnov's complaint is frivolous.[6] In light of Portnov's pro se status, the court will permit Portnov to proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated: August 1, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[3] Docket No. 1 at 1.

[4] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290 (1938)) (internal quotations omitted).

[5] The court observes that Portnov's complaint suggests that Carnival may have a mailing address in Miami.

[6] Absent a more structured pleading, the court is unable to substantively evaluate Portnov's liability theories. The court nevertheless is not yet persuaded that Portnov's suit is frivolous.