UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABRAHAM PORTNOV, ) | Case No. 5:14-cv-02887-PSG |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION TO** |
| v. ) | **DISMISS** |
| ) | |
| CARNIVAL CORPORATION, ) | **(Re: Docket No. 19)** |
| ) | |
| Defendant. ) | |
| ) | |

While Plaintiff Abraham Portnov may have valid claims against Defendant Carnival Corporation, these claims are not properly before the court because of a binding agreement between the parties that requires disputes to be arbitrated in Florida. The case is DISMISSED for improper venue.

**I.**

Portnov purchased a cruise ticket from Defendant Carnival Corporation just over a month before his cruise was set to embark. Based on a dispute over whether Portnov needed a visa in order to board the cruise in Argentina, Portnov claims that Carnival discriminated against him by intentionally giving him the run-around.[1] In his complaint, Portnov alleges that this series of

---

[1] Portnov ultimately was allowed to board the cruise ship. *See* Docket No. 1.

events caused him significant stress and lasting physical harm.[2] Carnival seeks to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction, that the venue is improper, and for failure to state a claim.[3]

## II.

This court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

Under Fed. R. Civ. P. 12, "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (3) improper venue."[4] "[I]n the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."[5]

## III.

In response to Portnov's claims, Carnival brings a jurisdictional challenge under Rule 12(b)(3).[6] Specifically, Carnival asserts that this suit has been filed in the improper venue because of the existence of a binding arbitral clause requiring adjudication in Florida.[7] Portnov counters that the agreement—and thus the arbitration requirement—does not apply to him because he never

---

[2] *See id.*

[3] Because the court finds that arbitration is required and that venue in this court is improper, the court does not reach the merits of Carnival's Rule 12(b)(1) and 12(b)(6) challenges.

[4] Fed. R. Civ. P. 12(b)(3).

[5] *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2003).

[6] *See* Fed. R. Civ. P. 12(b)(1), 12(b)(3).

[7] *See* Docket No. 19 at 3-4.

boarded the cruise ship and therefore was never a "guest" as that term is defined in the contract.[8]

The primary question is whether the arbitration clause contained in the ticket contract is valid and enforceable. In relevant part, the ticket contract specifies arbitration in Miami-Dade County, Florida as the exclusive forum for resolution of "[a]ny and all disputes, claims, or controversies whatsoever, other than for personal injury, illness or death."[9] Carnival points out that this provision specifically contemplates claims of alleged discrimination—the precise claim that Portnov brings before this court. As a pure matter of contract interpretation, it is abundantly clear that Portnov's claim falls within the language of the arbitration contract. The only thing left for the court to determine is whether the clause is enforceable given the circumstances.

"[A]n agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum selection clause that posits not only the situs of the suit but also the procedure to be used in resolving the dispute."[10] Forum selection clauses are presumptively valid.[11] The party challenging

---

[8] *See* Docket No. 23 at 2.

[9] Docket No. 19-5 at Exh. D-13. The ticket contract, in its entirety, reads as follows:

> Any and all disputes, claims, or controversies whatsoever, other than for personal injury, illness or death of a Guest, whether brought in personam or in rem or based on contract, tort, statutory, constitution or other legal rights, including but not limited to alleged violation of civil rights, *discrimination*, consumer or privacy laws, or for any losses, damages or expenses, relating to or in any way arising out of or connected with this Contract or Guest's cruise, no matter how described, pleaded or styled, between the Guest and Carnival, with the sole exception of claims brought and litigated in small claims court, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards . . . and the Federal Arbitration Act . . . solely in Miami-Dade County, Florida, U.S.A. to the exclusion of any other forum. Guest hereby consents to jurisdiction and waives any venue or other objection that may be available to any such arbitration proceeding in Miami-Dade, Florida. (emphasis added).

[10] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974).

[11] *See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972) (forum selection clauses should be honored "absent some compelling and countervailing reason."); 9 U.S.C. § 2 (Federal Arbitration Act):

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any party thereof, or an

3
Case No. 5:14-cv-02887-PSG
ORDER GRANTING MOTION TO DISMISS

enforcement of the forum selection clause must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching."[12] In the narrower context of cruise ship contracts, reasonable forum selection clauses are considered prima facie valid even if not freely negotiated.[13]

The only argument Portnov makes to challenge the arbitration clause is that the contract does not apply to him as a guest because he had not yet boarded the ship.[14] But the contract itself defines "guest" as "all persons or entities booking or purchasing passage and/or traveling under [the] [c]ontract."[15] In other words, Portnov was bound by the contract as soon as he purchased the ticket.

Further, there is no indication that the contract itself was unenforceable. In *Bremen*, the Supreme Court held that forum selection clauses should be held valid absent a showing that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."[16] There are no indications that the transaction between Carnival and Portnov was untoward in any way.

---

agreement in writing to submit to arbitration an existing controversy arising out of such contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

[12] *See Bremen*, 407 U.S. at 15.

[13] *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 593-94 (1991):

[W]e do not adopt the [lower court's] determination that a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining. Including a reasonable forum clause in a form contract of this kind well may be permissible for several reasons: First, a cruise line has a special interest in limiting the for a in which it potentially could be subject to suit. . . . Additionally, a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended . . . . Finally, it stands to reason that passengers who purchase tickets containing a forum clause . . . benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the for a in which it may be sued.

[14] *See* Docket No. 23 at 2.

[15] Docket No. 19-5.

[16] *Bremen*, 407 U.S. at 14.

***First,*** in the Ninth Circuit, in order for a contract provision to be binding its terms must be "reasonably communicated."[17] Courts have found provisions to be reasonably communicated where the print was readable—even if small—and especially where the important terms are in a different color, are in bold font, or are referenced on the cover page of the contract.[18] Here, the cover of the contract contains bold lettering that specifically directs customers to specific clauses in the contract that limit the customer's rights, including "forum selection, arbitration and waiver of jury trial for certain claims."[19] It is self-evident from the language of the contract that the only types of claims that are excluded from the arbitration clause are personal injury claims.[20] Portnov cannot plausibly claim that he was duped into the contract or that he was unaware of its contents.

***Second,*** Portnov cannot plausibly claim that he did not have the opportunity to freely negotiate the contract or that it was a contract of adhesion. Carnival uses the same terms for every ticket that it sells to Carnival passengers. In *Carnival v. Shute*, the Supreme Court held that in a situation where the "passage contract was purely routine and doubtless nearly identical to every commercial passage contract issued by petition and most other cruise lines . . . it would be entirely unreasonable . . . to assume that respondents—or any other cruise passenger—would negotiate . . .the terms of a forum selection clause in an ordinary commercial cruise ticket."[21] Under these circumstances, "[c]ommon sense dictates that a ticket of this kind will be a form contract the terms of which are not subject to negotiation, and that an individual purchasing the ticket will not have

---

[17] *See Dempsey v. Norwegian Cruise Line*, 972 F.2d 998, 999 (9th Cir. 1992) ("the adequacy of notice given by boilerplate language in a passenger contract is a question of law determined by assessing whether a particular provision was 'reasonably communicated' to the passenger.").

[18] *See, e.g.*, *Hodes v. S.N.C. Achille Lines*, 858 F.2d 905 (3d Cir. 1988); *Marek v. Marpan Two, Inc.*, 817 F.2d 242 (3d Cir. 1987); *Boyles v. Cunard Line*, 1994 A.M.C. 1631 (S.D.N.Y. 1994).

[19] *See* Docket No. 19-5 at Exh. D-1.

[20] *See id.*

[21] *Shute*, 499 U.S. at 593.

5
Case No. 5:14-cv-02887-PSG
ORDER GRANTING MOTION TO DISMISS

bargaining parity with the cruise line."[22]  These kinds of contracts are not—in fact—unusual.  If Portnov was displeased with the terms of the contract, he could have refused to purchase the ticket or he could have cancelled the ticket after purchase.

To the extent Portnov simply failed to read the terms of the contract, he cannot seek to benefit from a lack of diligence.  In fact, courts have held that contract provisions—particularly in the context of those associated with cruise tickets—are binding regardless of whether the passenger had any knowledge of the contents of the terms.[23]  "It is misleading to focus on whether [an individual] actually read the contract; rather the proper focus is on whether she had the opportunity to read it. . . . That plaintiff chose not to read the ticket does not negate the fact that [defendant] reasonably communicated the terms of the contract."[24]  Here, Carnival provided Portnov with a copy of the contract at the time of purchase—as it does with all of its guests.  That Portnov failed to read it or was unaware of its contents does not suggest fraud or unreasonable conduct that would render the contract—or the arbitration provision contained within—unenforceable under the law.

Because the court has determined that both the contract and the arbitration clause are valid and enforceable, the terms of the forum selection clause must be honored.[25]  While this court is skeptical that venue in any court would lie, the Ninth Circuit has enunciated that "a determination

---

[22] *Id.*

[23] *See, e.g.*, *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13; (5th Cir. 1979); *Strauss v. Norwegian Caribbean Lines, Inc.*, 613 F. Supp. 5, 8 (E.D. Pa. 1984); *DeNicola v. Cunard Line, Ltd.*, 642 F.2d 5, 11 (1st Cir. 1981).

[24] *Barkin v. Norwegian Caribbean Lines*, 1988 A.M.C. 645, 650 (D. Mass. 1987); *see also Walker v. Carnival Cruise Lines*, 63 F. Supp. 2d 1083, 1087 (N.D. Cal. 1999) ("As long as both the ticket and the surrounding circumstances indicate that the provisions of a passenger contract were reasonably communicated, a passenger need not have actually read the contract to be deemed on notice of its terms.").

[25] *Cf. Hadlock v. Norwegian Cruise Line, Ltd.*, Case No. 10-cv-00187, 2010 WL 1641275 (C.D. Cal. Apr. 19, 2010); *AT&T Mobility v. Concepcion*, 563 U.S. 321 (2011).

6
Case No. 5:14-cv-02887-PSG
ORDER GRANTING MOTION TO DISMISS

of improper venue does not go to the merits of the case and therefore must be without prejudice"[26] and with leave to amend.  Any amended complaint shall be filed within 21 days.

**SO ORDERED.**

Dated: December 11, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[26] *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991); *see also Wright be City of Vallejo*, Case No. 12-cv-03473, 2012 WL 5350150, at *3 (N.D. Cal. Sept. 26, 2012) ("If a court dismisses for improper venue, it must allow leave to amend.").