UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABRAHAM PORTNOV,<br><br>        Plaintiff,<br>    v.<br><br>CARNIVAL CORPORATION,<br><br>        Defendant. | Case No. 5:14-cv-02887-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR SANCTIONS AND DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket Nos. 33, 34, 40)** |

After dismissing his claims for improper venue,[1] the court granted Plaintiff Abraham Portnov leave to amend his complaint to correct the deficiencies. Seeing no new allegations in Portnov's amended complaint that avoid the mandatory arbitration clause that the court considered before, Defendant Carnival Corporation moves to dismiss once more. In response, Portnov moves for sanctions as well as for summary judgment.

As explained below, the court again GRANTS the motion to dismiss for improper venue, this time without leave to amend, DENIES the motion for sanctions as procedurally improper and DENIES the motion for summary judgment as moot.

**I.**

Portnov purchased a cruise ticket from Carnival just over a month before his cruise was set to embark. Based on a dispute over whether Portnov needed a visa in order to board the cruise in

---

[1] *See* Docket No. 30.

1

Case No. 5:14-cv-02887-PSG
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR SANCTIONS AND DENYING MOTION FOR SUMMARY JUDGMENT

Argentina, Portnov claims that Carnival discriminated against him by intentionally giving him the run-around.[2]  In his amended complaint, Portnov alleges that this series of events caused him significant stress and lasting physical harm.[3]  Carnival seeks to dismiss the amended complaint on the grounds that the venue is improper and that Portnov has not pleaded any new allegations that might render the mandatory arbitration contract unenforceable.

## II.

This court has subject matter jurisdication over these claims pursuant to 28 U.S.C. § 1331.  The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 72(a).

Under Fed. R. Civ. P. 12, "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: . . . (3) improper venue."[4]  "[I]n the context of a Rule 12(b)(3) motion based upon a forum selection clause, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."[5]

## III.

*First*, Carnival moves to dismiss under the law of the case doctrine.  The doctrine holds that if a court makes a decision at an earlier stage of a case, it should adhere to that decision in later stages unless "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[6]  Here, the court previously "determined that both the contract and the arbitration clause are valid and enforceable" and "the

---

[2] Portnov ultimately was allowed to board the cruise ship. *See* Docket No. 32.

[3] *See id.*

[4] Fed. R. Civ. P. 12(b)(3).

[5] *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2003).

[6] *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997); *see Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) ("[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.").

terms of the forum selection clause [thus] must be honored."[7]  Absent any indication that the court's decision was "clearly erroneous" the ruling must therefore stand.

Had Portnov's amended complaint addressed the ticket contract and the terms therein differently or presented the court with a new reason to believe that venue in this court is proper, there might be a reason to revisit the determination of enforceability.  Instead, in his amended complaint Portnov takes issue with the court's previous ruling and argues against it by simply reiterating his primary argument—that he was not aboard the ship when the discrimination occurred and thus was not a guest, rendering the allegations at issue here outside the scope of the ticket contract's arbitration provision.  But as this court has made clear, "the contract itself defines 'guest' as 'all persons or entities booking or purchasing passage and/or traveling under [the] [c]ontract.'"[8]  In order to be bound by the ticket contract, Portnov did not need to board the ship at all.  He merely had to purchase the ticket, which he did readily and willingly.  And he has presented no evidence that he did anything to the contrary.

Portnov also claims that the fact that this court granted his application to proceed *in forma pauperis* indicates the court essentially approved his complaint and his case.[9]  But Portnov misapprehends the purpose and the effect of an order granting IFP status.  The IFP statute specifies that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[10]  In other words, the court's ruling that Portnov qualified for IFP status was not a determination of the merits of his claim but rather a procedural determination that he could not afford to pay the initial filing fee.  The court is

---

[7] Docket No. 30 at 6.

[8] *Id.* at 4 (citing Docket No. 19-5).

[9] *See* Docket No. 32 at 2.

[10] 28 U.S. § 1915(e).

3

Case No. 5:14-cv-02887-PSG
ORDER GRANTING MOTION TO DISMISS, DENYING MOTION FOR SANCTIONS AND DENYING MOTION FOR SUMMARY JUDGMENT

perfectly within its purview to dismiss such a case at this stage.[11] Because the court has already given Portnov the opportunity to amend his claims to remedy their deficiencies and his amendment failed to do so, the court finds that any further amendment would be futile.[12] The motion to dismiss is GRANTED without leave to amend.[13]

*Second*, Portnov moves for sanctions against Carnival under Fed. R. Civ. P. 37 on the grounds that Carnival misrepresented facts in the course of its pleadings. Before it can address the merits of the motion, the court must note that a Rule 37 motion is procedurally improper at this time because it only applies to a party who disobeys a court order to provide or permit discovery.[14] This case has not yet even entered the discovery phase.

Even had Portnov styled his motion for sanctions as one under Fed. R. Civ. P. 11,[15] it

---

[11] *See, e.g.*, *McSweeney v. Comm'r of Soc. Sec.*, Case No. 10-cv-02119, 2010 WL 4065779, at *1 (S.D. Cal. Oct. 15, 2010) ("Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim. The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted."); *Stickler v. Cal. State Police*, Case No. 12-cv-00385, 2012 WL 1409677, at *2 ("Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds . . . fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim.).

[12] *See Pedigo v. Cnty. Of Los Angeles*, 24 F. App'x 779, 785 (9th Cir. 2001) ("[A] district court does not abuse its discretion in denying leave to amend where the proposed amendment would be futile or where the amended complaint would not withstand a motion to dismiss.") (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)); *Low v. LinkedIn Corp*, 900 F. Supp. 2d 1010, 1033 (N.D. Cal. 2012) ("Defendant's first motion to dismiss placed Plaintiffs on notice regarding the deficiencies of these claims in the complaint, and Plaintiffs failed to cure the defects in the Amended Complaint.").

[13] The court therefore does not reach Portnov's motion for summary judgment. *See* Docket No. 40. The motion is DENIED as moot.

[14] Fed. R. Civ. P. 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" including sanctions.).

[15] Fed. R. Civ. P. 11(b)-(c):

  (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person' knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

     (1) it is not being presented for any improper purpose, such as tot harass, cause unnecessary delay, or needlessly increased the cost of litigation;

would still fail due to procedural deficiencies.  Rule 11 contains a safe harbor provision which requires the movant to present a motion for sanctions to the opposing party before filing it with the court.[16]  The targeted party has 21 days within which to remedy the problems.[17]  It is only if the 21 days have passed without any action that the moving party may submit the motion for sanctions to the court.[18]  Here, Portnov failed to give Carnival any notice that he intended to file a motion for sanctions and certainly did not give Carnival the time to address Portnov's allegations and head off the motion.  The motion for sanctions is DENIED.

**SO ORDERED.**

Dated: February 9, 2015



PAUL S. GREWAL
United States Magistrate Judge

---

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfriviolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
(c) Sanctions.
   (1) In General.  If, after notice and a reasonably opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on an attorney, law firm, or party that violated the rule or is responsible for the violation.

[16] Fed. R. Civ. P. 11(c)(2) (a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.")

[17] *Id.*

[18] *Id.*