UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABRAHAM PORTNOV, | Case No. 5:14-cv-02887-PSG |
| Plaintiff, | **ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL** |
| v. | |
| CARNIVAL CORPORATION, | **(Re: Docket No. 48)** |
| Defendant. | |

This court granted Plaintiff Abraham Portnov's application to proceed in forma pauperis on August 1, 2014. The court specifically cautioned that it was not yet able to conclude whether Portnov's complaint was frivolous but nevertheless granted his application.[1] In late October, Defendant Carnival Corporation moved to dismiss under Fed. R. Civ. P. 12(b)(3) for improper venue.[2] The court granted Carnival's motion, but granted Portnov leave to amend.[3] Portnov filed an amended complaint in mid-December—which was substantially the same as his initial complaint[4]—and Carnival quickly followed with a renewed motion to dismiss.[5] Because the court

---

[1] *See* Docket No. 7.

[2] *See* Docket No. 19.

[3] *See* Docket No. 30.

[4] *See* Docket No. 32.

1
Case No. 5:14-cv-02887-PSG
ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL

had already ruled on the enforceability of the mandatory arbitration provision—and in light of Portnov's failure to amend his complaint to allege any new facts that might upset that previous finding—the court once again denied Portnov's complaint, this time with prejudice.[6]

After entry of judgment in Carnival's favor, Portnov next filed a motion for relief from this court's order—improperly directing the motion to the Chief Judge of the district.[7] Rather than addressing the merits of his position—or the deficiencies in Carnival's—Portnov accused the court of bias and of ignoring his arguments altogether.[8] This court denied the motion based on procedural error but invited him to re-file a corrected version.[9] Portnov instead elected appeal to the Ninth Circuit. The Ninth Circuit now refers to this court whether Portnov's in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith.[10]

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In other words, if the district court determines an appeal is not taken in good faith, the court may revoke IFP status. Courts in this district have determined that the term "good faith" means "frivolous."[11] If the appeal as a whole is frivolous, IFP status should be revoked.[12]

---

[5] *See* Docket No. 33.

[6] *See* Docket No. 43.

[7] *See* Docket No. 46.

[8] *See id.*

[9] *See* Docket No. 47.

[10] *See* Case No. 15-15313: Docket No. 3.

[11] *See Morris v. Lewis*, Case No. 4:10-cv-5640-CRB-PR, 2012 WL 1549535, at *3 (N.D. Cal. Apr. 30, 2012) (quoting *Ellis v. United States*, 356 U.S. 674-75 (1958)) (finding an appeal to be frivolous where it had no valid grounds on which it was based and equating "frivolous" to mean not "taken in good faith").

[12] *See Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (holding that 28 U.S.C. § 1915(a) requires IFP status to be authorized for an appeal as a whole and not on a piecemeal basis).

At the end of the day, Portnov has failed to present any plausible arguments that would suggest that the ticket contract's arbitration clause might not be enforceable. And based on the record in this case, the court sees no reason that his arguments will change on appeal. Altogether, the court finds that Portnov's appeal is frivolous.[13]

Portnov's in forma pauperis status is REVOKED for the purpose of appeal.

**SO ORDERED.**

Dated: February 25, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[13] Significantly, dismissal of Portnov's case does not have the effect of denying him relief altogether. Rather it simply directs him to seek relief through arbitration, as required by the ticket contract he entered into with Carnival.